[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION TO CONFIRM ARBITRATION AWARD
The plaintiff makes application to this court to confirm an arbitration award in her favor. The parties entered into a written contract dated March 24, 2000 for certain renovations and additions to the plaintiff's residence. The contract was based on a construction contract form prepared by the American Institute of Architects, AIA Document A 201-1997. The contract called for arbitration of disputes between the contracting parties in accordance with the Construction Industry Arbitration Rules of the American Arbitration Associates. (AAA)
The disputes between the parties were submitted to the AAA and an Arbitrator issued his award on April 12, 2002. The award found that Mete was entitled to $83,345.00 from Dragan and that Dragan was entitled to $38,949.00 from Mete. Therefore, the award ordered that Dragan pay Mete $44,396.00, the net amount of the two findings.
According to a subsequent communication from the Arbitrator, he was prepared to itemize his findings and award but in the end did not do so when Mete asked for a lump sum determination. According to the Arbitrator, Dragan consulted with his attorney and thereafter did not object to this procedure. The Arbitrator subsequently denied Dragan's request for articulation and itemization of the award.
The court's jurisdiction on an application to confirm an arbitration award is properly limited because such awards are really the product of a contractual agreement between the parties to decide disputes through the arbitration process rather than otherwise. The court's power to vacate or modify an award are set forth in General Statutes §§ 52-418 (a)[1]
and 52-419 (a)[2]. At oral argument. Dragan, appearing pro se, opposed confirmation of the award on the ground that without the itemization of which Mete's claims he owed money on, he would not be able to allocate his losses among the subcontractors who worked on the Mete residence. This is a reasonable concern. However, it is not a sufficient basis for vacating the award, as it does not fall into any of the statutory reasons CT Page 9131 for such action. Even if the court determined the award should be modified to include an itemization of damages pursuant to General Statutes § 52-419 (a)(3), it would be unable to do so since the necessary information is not available to the court. Finally, the itemization issue was raised before the Arbitrator and without objection, it was determined not to itemize. When Dragan apparently changed his mind the Arbitrator was well within his authority to adhere to the original decision
The award is confirmed.
 ______________________ ADAMS, J.